7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony MARTINEZ, Plaintiff-Appellant,
v.
Gilbert E. ESPINOZA, Deputy District Attorney; John R.
Olson, Attorney at Law; Bob Mullan; Steve M. Fiavin,
Deputy State Public Defender; Duane Montano; Diana M.
Richett; Mitch Morrisey, Office of the District Attorney,
Defendants-Appellees.
 No. 93-1170.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Anthony Martinez filed a pro se complaint seeking relief under 42 U.S.C.1983 and 1985 (1988), and under the Declaratory Judgment Act, 28 U.S.C. 2201-02 (1988). He named as defendants attorneys from the District Attorney's office, the Public Defender's office, and other attorneys assigned to his criminal case. The matter was referred to a magistrate judge who recommended dismissal of the complaint because the applicable statute of limitations had run. The district court, after de novo review, issued an order dismissing the action on the basis of the magistrate judge's report. We affirm.
 
 
 3
 Mr. Martinez complains of several constitutional violations which allegedly occurred during two criminal trials in state court, including disagreements with his various appointed counsel and the trial judge regarding Mr. Martinez' wish to proceed to trial pro se. He also alleges that he was denied his right to a speedy trial and that he was denied a fair trial due to these violations. Although the claims set out by Mr. Martinez more closely resemble a habeas corpus action, the magistrate judge treated the action under section 1983, presumably because that is what Mr. Martinez denominated it.
 
 
 4
 The acts complained of occurred between 1986 and 1989. Mr. Martinez filed this action on March 10, 1993. In considering a claim brought under section 1983, a court must apply the state's residual statute for personal injury actions, see Owens v. Okure, 488 U.S. 235, 236 (1989), which in Colorado is the two year period provided in Colo.Rev.Stat. 13-80-102(1)(a). Because Mr. Martinez' claim was brought over three years after the alleged constitutional violations occurred, his civil rights claim is barred.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3